# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 06CR2133WQH |
|---|---|
| Plaintiff, | ORDER: SPEEDY TRIAL EXCLUDABLE DELAY |
| vs. | |
| MICHAEL SCOTT JOHNSON, | |
| Defendant. | |

HAYES, Judge:

The matter before the Court is the period of excludable delay pursuant to Section 3161(h) of the Speedy Trial Act.

On September 29, 2006, the grand jury returned an indictment charging in Count One that on or about December 25, 1978 the Defendant unlawfully killed Suesette Bluing with premeditation and malice aforethought and in Count Two that on or about December 25, 1978 the Defendant unlawfully killed Suesette Bluing with malice aforethought in the attempt to perpetrate a rape.

On December 12, 2006, the Court granted Defendant's Motion to Declare this Case Complex based upon the following factors: 1) the offense charged occurred in 1978; 2) over 1,100 pages of discovery have been produced and indicate a need for a great deal of investigation; 3) the difficulty in locating witnesses who were in the military in 1978 and have since left the military; and 4) the significant time needed in order to determine the appropriate motions which need to be filed. The Court found that the ends of justice would be served by

a reasonable period of excludable delay to allow the defense adequate time to investigate and prepare for trial and granted a period of excludable delay from December 11, 2006 to March 26, 2007 pursuant to Section 3161(h)(8)(A).  (Doc. # 23).

On March 26, 2007, this Court held a further hearing.  Counsel for Defendant informed that Court that discovery and investigation are ongoing; that defense counsel and defense investigator visited Camp Pendleton the week prior to the hearing in order to examine physical evidence; and that the defense investigator continues to attempt to locate close to 100 witnesses that need to be contacted by the defense.  Counsel for Defendant requested that the Court set the matter for further status hearing on June 11, 2006.  Counsel for the Government stated no opposition to Defendant's request for a June 11, 2006 status hearing.

18 U.S.C. Section 3161(c)(1) of the Speedy Trial Act requires that "[i]n any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." Section 3161(h)(8)(A) provides that the Court may exclude any period of delay resulting from a continuance at the request of either party "if the judge granted the continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."   Factors which a judge shall consider in determining whether to grant a continuance under subparagraph (A) include "[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established...". Section 3161(h)(8)(B)(ii).   "[N]o continuance period may be excluded unless the court makes reasonably explicit findings that demonstrate that the ends of justice served by granting the continuance do, in fact, outweigh the best interests of the public and the defendant in a speedy trial." *United States v. Perez-Reveles*, 715 F.2d 1348, 1352 (9th Cir. 1983).

1    Counsel for the Defendant has adequately set forth facts and circumstances which
2 support the request for further time to examine discovery and to investigate this case. The
3 Court finds that the request of the defense for additional time to review discovery and locate
4 witnesses is reasonable based upon the complexity of investigating and preparing a case for
5 trial in which the offense took place over twenty years ago involving military personnel who
6 may be difficult to locate.

7    IT IS HEREBY ORDERED that a period of excludable delay from March 26, 2007 to
8 June 11, 2007 is allowed pursuant to Section 3161(h)(8)(A). A motion hearing is scheduled
9 for Monday, June 11, 2007 at 2 p.m. In the event that any further period of delay is requested
10 based upon the need for further investigation, defense counsel shall provide specific
11 information to the Court as to the progress of investigation by ex parte offer of proof.

DATED: March 28, 2007

_____
**WILLIAM Q. HAYES**
United States District Judge