1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

7

## SOUTHERN DISTRICT OF CALIFORNIA

8

9  UNITED STATES OF AMERICA,                    CASE NO. 06CR2133WQH

10                            Plaintiff,         ORDER: SPEEDY TRIAL
                                                 EXCLUDABLE DELAY
                vs.
11
    MICHAEL SCOTT JOHNSON,
12
                            Defendant.

13  HAYES, Judge:

14          The matter before the Court is the period of excludable delay pursuant to Section

15  3161(h) of the Speedy Trial Act.

16          On September 29, 2006, the grand jury returned an indictment charging in Count One

17  that on or about December 25, 1978 the Defendant unlawfully killed Suesette Bluing with

18  premeditation and malice aforethought and in Count Two that on or about December 25, 1978

19  the Defendant unlawfully killed Suesette Bluing with malice aforethought in the attempt to

20  perpetrate a rape.

21          On December 12, 2006, the Court granted Defendant's Motion to Declare this Case

22  Complex based upon the following factors: 1) the offense charged occurred in 1978; 2) over

23  1,100 pages of discovery have been produced and indicate a need for a great deal of

24  investigation; 3) the difficulty in locating witnesses who were in the military in 1978 and have

25  since left the military; and 4) the significant time needed in order to determine the appropriate

26  motions which need to be filed.  The Court found that the ends of justice would be served by

27  a reasonable period of excludable delay to allow the defense adequate time to investigate and

28  prepare for trial and granted a period of excludable delay from December 11, 2006 to March

06cr2133

26, 2007 pursuant to Section 3161(h)(8)(A).  (Doc. # 23).

On March 26, 2007, this Court held a further hearing.  Counsel for Defendant informed that Court that discovery and investigation were ongoing; that defense counsel and defense investigator visited Camp Pendleton the week prior to the hearing in order to examine physical evidence; and that the defense investigator continued to attempt to locate close to 100 witnesses that need to be contacted by the defense.  Counsel for Defendant requested and counsel for the Government agreed that the matter should be set for further status hearing on June 11, 2007.

On June 11, 2007, this Court held a further hearing.  Counsel for the Defendant informed the Court that discovery and investigation was continuing; that the defense had compiled a list of close to 200 witnesses to contact and interview; and that the defense investigator continued to make contact with the necessary witnesses.  Counsel for Defendant requested that the Court set the matter for further status hearing in early September  2007.  Counsel for the Government stated no opposition to Defendant's request for a September 2007 status hearing.  The Court set a further status hearing for September 14, 2007.  The Court informed the parties that a motion hearing date would be set at that time and that the Court would likely set a trial date at that time.

On September 14, 2007, this Court held a further status hearing.  Counsel for Defendant reported that investigation was ongoing and that additional time was required in order to adequately prepare the motions required to present an adequate defense.  The Court set a motion hearing date of March 7, 2008 and a trial date of April 22, 2008.

18 U.S.C. Section 3161(c)(1) of the Speedy Trial Act requires that "[i]n any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." Section 3161(h)(8)(A) provides that the Court may exclude any period of delay resulting from a continuance at the request of either party "if the judge granted the

continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Factors which a judge shall consider in determining whether to grant a continuance under subparagraph (A) include "[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established...". Section 3161(h)(8)(B)(ii). "[N]o continuance period may be excluded unless the court makes reasonably explicit findings that demonstrate that the ends of justice served by granting the continuance do, in fact, outweigh the best interests of the public and the defendant in a speedy trial." *United States v. Perez-Reveles*, 715 F.2d 1348, 1352 (9th Cir. 1983).

Counsel for the Defendant has adequately set forth facts and circumstances which support the request for further time to investigate this case, to prepare the necessary motions, and to prepare the case for trial. The Court finds that the request of the defense for additional time to review discovery, investigate the facts, and prepare motions is reasonable based upon the complexity of investigating and preparing a case for trial in which the offense took place over twenty years ago involving military personnel who may be difficult to locate. The Court finds that failing to grant such a continuance in this case would deny counsel for the defendant "the reasonable time necessary for effective preparation, taking in to account the exercise of due diligence." 8 U.S.C. Section 3161(8)(B)(iv). The interest of the Defendant in presenting an adequate defense outweighs any interest of the public in a speedy trial.

IT IS HEREBY ORDERED that a period of excludable delay from September 14, 2007 to March 7, 2008 is allowed pursuant to Section 3161(h)(8). A further status hearing is scheduled for December 7, 2007 at 1 p.m.

DATED: September 20, 2007

**WILLIAM Q. HAYES**
United States District Judge

06cr2133